UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RSDC HOLDINGS, LLC | CIVIL ACTION |
| VERSUS | NO. 16-9381 |
| RON STEINBERG, debis FINANCIAL SERVICES, INC., AND GANIS CREDIT CORPORATION | SECTION "R" (2) |

## ORDER AND REASONS

Plaintiff RSDC Holdings, LLC moves the Court to enter a default judgment declaring the mortgages originally granted in favor of defendant debis Financial Services, Inc. and defendant Ganis Credit Corporation against the vessel *Tuna Taxi* are satisfied.[1] For the following reasons, the Court GRANTS plaintiff's motion.

## I.   BACKGROUND

On June 6, 2016, plaintiff filed this action for declaratory judgment under 28 U.S.C. § 2201.[2] Plaintiff seeks a declaration that plaintiff is the rightful owner of the *Tuna Taxi* and that the ship mortgages in favor of defendants debis Financial Services, Inc. and Ganis Credit Corporation are

---

[1]   R. Doc. 8.
[2]   R. Doc. 1.

satisfied.[3] Defendant debis Financial Services, Inc. was served August 3, 2016.[4] Plaintiff asked this Court for permission to serve defendants Ron Steinberg and Ganis Credit Corporation via publication,[5] and the Court granted plaintiff's motion.[6] On December 5, plaintiff filed an affidavit of publication, signed by Sandra Campos, the principal clerk of the Orange County Register, attesting that the Court's order was published in the Register once a week for six weeks.[7] No defendant has filed any response to the summons and complaint, nor did any defendant request additional time to respond.[8]

Plaintiff sought an entry of default as to debis Financial Services on September 29, 2016,[9] and the clerk entered default against debis Financial Services on the following day.[10] On December 5, 2016, plaintiff sought an entry of default against Steinberg and Ganis Credit Corporation,[11] and the

---

[3] *Id.* at 1 ¶ 1.
[4] R. Doc. 7.
[5] R. Doc. 13.
[6] R. Doc. 15.
[7] R. Doc. 16.
[8] R. Doc. 12; R. Doc. 18.
[9] R. Doc. 12.
[10] R. Doc. 14.
[11] R. Doc. 17.

clerk entered default against them on December 9, 2016.[12]  Plaintiff now seeks a default judgment.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b), the Court may enter a default judgment against a party when it fails to plead or otherwise respond to the plaintiff's complaint within the required time period. Fed. R. Civ. P. 55(b). A plaintiff who seeks a default judgment against an unresponsive defendant must proceed through two steps. First, the plaintiff must petition the court for the entry of default, which is simply "a notation of the party's default on the clerk's record of the case." *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 335 (2d Cir. 1986); *see also United States v. Hansen*, 795 F.2d 35, 37 (7th Cir. 1986) (describing the entry of default as "an intermediate, ministerial, nonjudicial, virtually meaningless docket entry").  Before the clerk may enter the default, the plaintiff must show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).  Beyond that requirement, however, the entry of default is largely mechanical.

---

[12]    R. Doc. 18.

After the defendant's default has been entered, the plaintiff may request the entry of judgment on the default. In that context, the court deems the plaintiff's well-pleaded factual allegations admitted. *See Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). At the same time, the court does not hold the defaulting defendant "to [have] admit[ed] facts that are not well-pleaded or to [have] admit[ed] conclusions of law." *Id.* The default judgment should not be entered unless the judgment is "supported by well-pleaded allegations and . . . ha[s] a sufficient basis in the pleadings." *Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (internal quotation marks omitted) (citing *Houston Nat. Bank*, 515 F.2d at 1206).

If the plaintiff's claim is for a sum certain and the defendant has not made an appearance in court, the clerk may enter a default judgment. Fed. R. Civ. P. 55(b)(1). In all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). No party is entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). The disposition of a motion for the entry of default judgment ultimately rests within the sound discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

4

## III. DISCUSSION

### A. Jurisdiction

Before entering judgment, a district court must "look into its jurisdiction both over the subject matter and the parties." *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (quoting *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir.1986)) (quotation marks removed). Judgment entered in the absence of jurisdiction is void, and the Court must therefore refrain from entering judgment if its jurisdiction is uncertain.

In this case, subject matter jurisdiction is founded upon diversity of citizenship. *See* 28 U.S.C. § 1332. RSDC is a Louisiana LLC and its sole member, Donald Joe Calloway, is a Louisiana citizen. Defendant Steinberg is a citizen of California; defendant debis Financial Services is a Delaware corporation; defendant Ganis Credit is a California corporation;[13] and the amount in controversy exceeds $75,000.[14] Service of process on debis Financial Services appears to have been properly executed under the Federal Rules of Civil Procedure. The Court therefore finds that it has jurisdiction to enter this default judgment.

---

[13] R. Doc. 1 at 2 ¶¶ 4-7.
[14] *Id.* at 1 ¶ 2.

### B. Procedural Requirements for Default Judgment

The record shows that all defendants were served with process, but have failed to plead or otherwise defend against plaintiff's claims. Indeed, the defendants have made no appearance at all. Although judgments by default are generally disfavored, *see Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998), the Court finds that the defendants' failure to appear has made it impossible to achieve a "just, speedy, and inexpensive disposition" of this case on the merits. *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). The record does not reveal any excuse for defendants' failure to appear. Accordingly, the Court finds that the requirements for a default judgment have been met.

### C. Declaratory Relief

Having established that the procedural requirements for default judgment have been satisfied, the Court must also evaluate whether declaratory relief is appropriate in this case. *See, e.g.*, *Clarendon America Ins. Co. v. CM General Contractors, Inc.*, No. 07-2037, 2009 WL 136028, *2-3 (W.D. La. Jan. 20, 2009) (evaluating whether to grant declaratory relief independently of the procedural requirements for default judgment); *Mayflower Transit, LLC v. Troutt*, 332 F. Supp. 2d 971, 975-76 (W.D. Tex. 2004) (same). "When considering a declaratory judgment action, a district

court must engage in a three-step inquiry." *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). First, the court must determine whether the declaratory action is justiciable. Or, in other words, whether an "actual controversy" exists between the parties to the action. *Id.* Second, if the court has jurisdiction, it must determine whether it has the "authority" to grant declaratory relief. *Id.* Finally, the court must determine whether to exercise its discretion to decide or dismiss the declaratory action. *Id.* The Court address each of these three steps in turn.

### 1. Justiciability

"A declaratory judgment action is ripe for adjudication only where an 'actual controversy' exists." *Id.* at 896. Generally, "an actual controversy exists where 'a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests.'" *Id.* (quoting *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986)). Whether the facts are sufficiently immediate to establish an actual controversy is a case-by-case inquiry. *Id.*

As a result of defendants default, defendants have admitted that RSDC Holdings' allegations in its complaint are true. *See Nishimatsu*, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred

7

from contesting on appeal the facts thus established."). The factual allegations establish that RSDC Holdings is currently in possession of the *Tuna Taxi*, and seeks to sell the vessel.[15] But in order for the vessel to be merchantable, RSDC Holdings must determine the status of two mortgages associated with the *Tuna Taxi* and establish that RSDC Holdings is the rightful owner of the vessel. Plaintiff's allegations and the documents attached to plaintiff's complaint indicate the existence of these mortgages and defendants' association with the mortgages. Therefore, the Court concludes that there is an actual controversy between the parties that is neither hypothetical nor conjectural.

### 2. Authority

Under the second prong of the *Orix Credit Alliance* test, a district court does not have authority to consider the merits of a declaratory judgment action when: "(1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff, (2) the state case involves the same issues as those in the federal case, and (3) the district court is prohibited from enjoining the state proceedings under the Anti–Injunction Act." *Sherwin-Williams Company v. Holmes County*, 343 F.3d 383, 388 n.1 (5th Cir. 2003). The absence of any of these three factors

---

[15]    R. Doc. 1 ¶ 1.

defeats mandatory abstention. *Sealed v. Sealed*, 1994 WL 487245, at *2 (5th Cir. 1994) (citing *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991)).

There is nothing in the record indicating that there is any pending state court action between the parties. Accordingly, this case does not call for mandatory abstention, and the Court has the authority to enter a declaratory judgment.

### 3. Exercise of Discretion

Finally, the Court must consider whether to exercise its discretion to grant a declaratory judgment as part of plaintiff's motion for default judgment. Federal courts have great discretion to entertain, stay, or dismiss a declaratory judgment action. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282-83 (1995). In exercising this discretion, the Court must balance on the record the purposes of the Declaratory Judgment Act and the factors relevant to the abstention doctrine. *Travelers Insurance Company v. Louisiana Farm Bureau Federation*, 996 F.2d 774, 778 (5th Cir. 1993). In *St. Paul Insurance Company v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994), the Fifth Circuit set forth a list of six, non-exclusive factors relevant to this consideration:

> (1) whether there is a pending state action in which all the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change

9

>forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; and (6) whether retaining the lawsuit would serve the purposes of judicial economy.

*Id.* at 590-91. Here, there is no pending state action; there is nothing indicating that plaintiff filed suit in anticipation of a lawsuit filed by defendants; plaintiff did not engage in forum shopping in bringing this suit, as plaintiff is a Louisiana LLC and the *Tuna Taxi* is located in this district; the federal court may not be the most convenient location but defendants lack of response mitigates any inconvenience this location may pose; and finally, retaining this suit would serve the purposes of judicial economy because plaintiff and the Court have already expended time and resources in this case. Therefore, there is no sound reason to stay or dismiss this action. *See Clarendon America*, 2009 WL 136028, at *4-5 (finding *Trejo* factors weighed in favor of resolving request for declaratory relief); *Cf. Steadfast Ins. Co. v. Picke Const. Corp.*, No. 10-3286, 2011 WL 1303144, at *4-5 (E.D. La. Mar. 30, 2011) (staying case in which plaintiff sought default judgment for declaratory relief because there was pending state court action, plaintiff was forum shopping, and judicial economy favored a stay).

### D. Entry of Default Judgment

As described above, plaintiff's well-plead factual allegations are deemed admitted. *See Houston Nat. Bank*, 515 F.2d at 1206. If these factual

allegations and the materials attached to the pleadings establish that RSDC is the rightful owner of the Tuna Taxi and that the ship mortgages are satisfied, then the Court will enter a default judgment against the defendants and grant the declaratory relief sought. *See Wooten*, 788 F.3d at 498.

    1.    *Ownership of the* Tuna Taxi

Plaintiff alleges that in 2013, Steinberg gave Mr. Calloway, RSDC's sole member, the *Tuna Taxi* in payment of a debt that Steinberg owed to First NBC bank.[16] Plaintiff alleges that at the time, it was acting at the agent of First NBC Bank, and that First NBC Bank held a promissory note secured by a ship mortgage on the *Tuna Taxi*.[17] The promissory note, which is attached to plaintiff's complaint, is dated December 31, 1997, is in the amount of $425,000, and is made payable by Steinberg to debis Financial Services.[18] The promissory note was executed with the First Ship Mortgage on the *Tuna Taxi*, also attached to plaintiff's complaint.[19] The mortgage was granted by Steinberg in favor of debis Financial Services to secure the indebtedness of $425,000.[20]

---

[16]    *Id.* at 2 ¶ 8.
[17]    *Id.* ¶ 9.
[18]    *Id.* ¶ 10; R. Doc. 1-5.
[19]    R. Doc. 1-5.
[20]    *Id.* at 1.

11

Plaintiff further alleges that while a recent title abstract from the National Vessel Documentation Center of the United States Coast Guard lists debis Financial Services as the current holder of the mortgage, debis Financial Services assigned the note and mortgage to Central Progressive Bank of Lacombe, Louisiana in 2002.[21]  In support of this contention, plaintiff attaches a copy of this assignment, dated December 20, 2002.[22] Plaintiff further alleges that that the note and mortgage were next assigned to First NBC Bank and then to RSDC Holdings.[23]  Though plaintiff acknowledges that there is no documentation of the assignment from Central Progressive to First NBC Bank, plaintiff attaches to his complaint the assignment and allonge transferring all interests in the note, mortgage, and *Tuna Taxi* from First NBC Bank to RSDC Holdings.[24]

Under Louisiana law, a "giving in payment is a contract whereby an obligor gives a thing to the obligee, who accepts it in payment of a debt." La. Civ. Code art. 2655.  A "giving in payment transfers ownership and has the same effect as an ordinary sale." *Id.* cmt. note (g) (citing *Quality Finance Co. of Donaldsonville, Inc. v. Bourque*, 315 So. 2d 656 (La. 1975).  Taking

---

[21]   R. Doc. 1 at 3 ¶ 12.
[22]   R. Doc. 1-5 at 7.
[23]   R. Doc. 1 at 3 ¶ 13.
[24]   R. Doc. 1-7; R. Doc. 1-8.

12

plaintiff's well-pleaded allegations as true, Steinberg transferred ownership of the *Tuna Taxi* to First NBC Bank when Steinberg gave the vessel to First NBC's agent. First NBC Bank then assigned its ownership interest in the *Tuna Taxi* to RSDC Holdings.[25] Therefore, RSDC Holdings is the rightful owner of the *Tuna Taxi*.

### 2. The Ship Mortgages

Plaintiff's complaint also seeks a declaration that the mortgages on the *Tuna Taxi* are satisfied. As described above, plaintiff is the rightful owner of the *Tuna Taxi*, and has also been assigned the December 31, 1997 mortgage. Under Louisiana law, as RSDC has acquired ownership of the mortgaged vessel and the rights under the mortgage, the mortgage is extinguished. *See* La. Civ. Code art. 3319; *Bourque*, 315 So.2d at 659.

In addition to the December 31, 1997 mortgage, plaintiff alleges that before Steinberg owned the *Tuna Taxi*, its previous owners, Kenneth Sawczyn and William J. Pettigrew, III, granted a mortgage on the vessel in the amount of $175,000 to Ganis Credit Corporation.[26] A copy of the title from the Coast Guard indicating the existence of this mortgage is attached to plaintiff's complaint.[27] Plaintiff alleges this previous mortgage was satisfied

---

[25] R. Doc. 1-7 at 1-2.
[26] R. Doc. 1 at 3 ¶ 14.
[27] R. Doc. 1-6 at 2.

13

before Steinberg acquired the *Tuna Taxi*.[28] Taking plaintiff's allegation as true, the payment of the obligations under the Ganis mortgage extinguishes the mortgage. *See Mente & Co. v. Levy*, 107 So. 318, 320-21 (La. 1926).

Therefore, the ship mortgages on the *Tuna Taxi* in favor of debis Financial Services and Ganis Credit Corporation are satisfied and extinguished.

## IV. CONCLUSION

For the foregoing reasons, the plaintiff's motion for default judgment is GRANTED. Judgment is entered against defendants. The Court will separately enter a declaratory judgment consistent with this opinion.

New Orleans, Louisiana, this __12th__ day of January, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[28] R. Doc. 1 at 4 ¶ 15.